UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                                                           **CONDITIONAL ORDER**

Christine Nevins
                                                                                 Case No.: 24-71407-las
                                                                                 (Chapter 13)

                    Debtor.
_____

        Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMAC Trust, Series 2018 G-CTT, ("Secured Creditor") having moved this Court for an Order terminating the automatic stay as to Secured Creditor's interest in the premises commonly known as 196 Burney Boulevard, Mastic, NY 11950 ("Mortgaged Premises") of which Debtor is the record owner, and

        The motion having been set to be heard before this Court on the 8th day of October, 2024, and Gross Polowy LLC, attorneys for Secured Creditor, being in support of this motion , and no opposition having been submitted by the Chapter 13 Trustee Michael J Macco, Esq., by the U.S. Trustee, or by Richard A. Jacoby, Esq., counsel for the Debtor, and the terms of this Conditional Order having been negotiated by and between the counsel for the Debtor and counsel for Secured Creditor, and due deliberation having been had, now

        Upon Reading and Filing of the Notice of Motion, the Application of Secured Creditor dated the 12th day of September, 2024, and proof of service upon all necessary parties, upon motion of Gross Polowy LLC, and all parties having agreed that the Debtor is in default for the monthly post-petition payments due July 1, 2024 through and including October 1, 2024 each in the amount of $1,844.32, thereby resulting in a total due in the sum of ***$7,377.28*** (the "Total Dues"); and it is further

        **ORDERED**, that the Debtor pay on or before ***November 15, 2024*** to ***Rushmore Servicing at P.O Box 619094, Dallas, TX 75261-9741***, the sum of ***$1,229.55*** which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debtor pay on or before *__December 15, 2024__* the sum of *__$1,229.55__* which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debtor pay on or before *__January 15, 2025__* the sum of *__$1,229.55__* which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debtor pay on or before *__February 15, 2025__* the sum of *__$1,229.55__* which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debtor pay on or before *__March 15, 2025__* the sum of *__$1,229.55__* which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debto pay on or before *__April 15, 2025__* the sum of *__$1,229.53__* which is to be applied to the Total Dues; and it is further

**ORDERED**, that the Debtor pay all future monthly mortgage installments, to Secured Creditor, as they become due, commencing with the installment payable on *__November 1, 2024__*, time being of the essence, with a default being deemed to have occurred in the event that any monthly mortgage payment is not received within fifteen (15) days of the date in which it is due; and it is further

**ORDERED**, that in the event of default by the Debtor in timely making payments specified in the preceding paragraphs, Secured Creditor shall send a Notice of Default to the Debtor and the Attorney for the Debtor which shall outline the amount of the default and provide the Debtor ten (10) days to cure such default, and if the Debtor fails to cure the default, the Secured Creditor shall file with this Court an Affirmation of Non-Compliance with the terms of this Order and serve a copy of the Affirmation of Non-Compliance to the Debtor, the Debtor's attorney, and the Chapter 13 Trustee on the same date, and it is further

**ORDERED**, that Secured Creditor shall only send the aforementioned Notice of Default for each of the first three (3) instances of default and that upon a fourth instance of default, the Secured Creditor may submit an Affirmation of Non-Compliance and final Order lifting the stay to the Court without providing the above-mentioned notice or any notice whatsoever.

**ORDERED**, that the Order entered October 9, 2024 is hereby vacated; and it is further

**ORDERED**, that this Conditional Order does not survive if this bankruptcy case is dismissed, closed, terminated, converted to one under any other chapter or the Debtor receives a discharge.

Signature lines for the attorneys:

**Attorney for Debtors**

Keith R DeBendictis_____
RICHARD A. JACOBY, ESQ.

**Attorney for Secured Creditor**

/s/ Courtney R Shed_____
COURTNEY R SHED, ESQ.

**SO ORDERED.**



Dated: November 6, 2024
Central Islip, New York

_Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge